IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Christopher S. Williams, #811481,    )
                                      )
                Petitioner,           )
                                      )        Civil Action No. 2:23-1290-BHH
v.                                    )
                                      )        **ORDER**
State of South Carolina,             )
                                      )
                Respondent.           )
_____)

This matter is before the Court on Petitioner Christopher S. Williams' ("Petitioner")
pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance
with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was
referred to a United States Magistrate Judge for initial review.

On April 18, 2023, Magistrate Judge Mary Gordon Baker filed a Report and
Recommendation ("Report") outlining the issues and recommending that the Court transfer
this action to the United States District Court for the Eastern District of North Carolina so
the proper court can determine whether Petitioner's claims are actionable under 28 U.S.C.
§ 2254.[1] Attached to the Report was a notice advising Petitioner of his right to file written
objections to the Report within fourteen days of being served with a copy.

The Magistrate Judge makes only a recommendation to the Court. The
recommendation has no presumptive weight, and the responsibility to make a final
determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

_____

[1] The Report refers to the United States District Court for the *Southern* District of North Carolina;
however, this appears to be a typo because there is no Southern District of North Carolina. As the Magistrate
Judge noted, records indicate that Petitioner is housed at Tabor Correctional Institution, which this Court has
determined lies within the *Eastern* District of North Carolina.

is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In response to the Magistrate Judge's Report, Petitioner filed letters on April 28, May 10, and July 11.  The Court has reviewed these letters and in the interest of fairness construes them as objections to the Magistrate Judge's Report.  (*See* ECF Nos. 6, 7, and 8.)  After review, however, the Court finds that Petitioner's letters fail to point to any legal or factual error sufficient to alter the Magistrate Judge's analysis.  Rather, Petitioner complains about the Magistrate Judge's reliance on the Court's jurisdiction and asserts that he filed this action in South Carolina because it is the state where he was convicted.  (ECF No. 6 at 1; ECF No. 7 at 1.)

After de novo review, the Court finds no error in the Magistrate Judge's analysis and agrees with her that, even though Petitioner may have been sentenced in South Carolina, because Petitioner is currently confined in North Carolina, the proper Respondent to this habeas corpus action is the Secretary of the North Carolina Department of Public Safety, who is Petitioner's current custodian.  Furthermore, the Court agrees with the Magistrate Judge that the Court lacks jurisdiction over Petitioner's habeas claims here.  Lastly, the

2

Court also agrees with the Magistrate Judge that, to preserve any issues that may arise concerning the statute of limitations and in fairness to the pro se Petitioner, it is in the interest of justice to transfer this action to the proper district court (rather than to dismiss it).

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 3), and, pursuant to 28 U.S.C. § 1406(a), the Court transfers this action to the United States District Court for the Eastern District of North Carolina so the proper court may determine whether Petitioner's claims are actionable under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

Jul 26, 2023
Charleston, South Carolina